## CYRIL COBURN *v.* REYNOLDS S. ROGERS.

Section 1, chapter 192, Revised Statutes, gives a review as of right to the party against whom judgment has been rendered in any civil action in the Court of Common Pleas in which an issue of fact has been joined; and sec. 2 of the same chapter authorizes the Supreme Court, upon petition, to grant a review " *in any other case*" where it shall appear that justice has not been done "through any accident, mistake or misfortune."—*Held,* that the words, "*in any other case*," were not to be construed as meaning *in any other actions* than those described in sec. 1, but as meaning, in any other than those cases in which the party alleging injustice in the judgment has had an opportunity to correct it by a rehearing upon review as of right; and that, therefore, where judgment in such action was rendered against the petitioner by agreement, open to review, and it appeared upon his petition that he intended to have sued out a writ of review within the time limited by law, but was prevented by accident, mistake and misfortune, and that there were probable grounds for reducing the amount of the judgment upon a rehearing on the merits, it was one of *the other cases,* within the meaning of sec. 2, and the review should be granted.

THIS is a petition for a review, or new trial, in an action brought by Rogers, the petitionee, against the petitioner, in the Court of Common Pleas, in which judgment was rendered at the

March term, 1852, in favor of the petitionee against the petitioner upon an agreement, signed by the parties and filed in the case, as follows :

"*Reynolds S. Rogers* v. *Cyril Coburn.*

"It is agreed by the parties that judgment be rendered for the plaintiff for the amount of the note declared on, and costs, open to review."

The petition sets forth that the petitioner intended to have sued out a writ of review in said action, and to prosecute said review to a hearing of the merits of the plaintiff's claim on which the judgment was founded; that within the year limited by law for suing out the writ of review, he applied to the clerk of said Court of Common Pleas to issue said writ, and that, by reason of accident and mistake, the papers necessary for making out said writ could not be found in time for the issuing of the same before the expiration of said year ; that said judgment was rendered for a larger sum than was due upon the note mentioned in said agreement for judgment, there having been a payment made thereon, but not indorsed. Evidence was submitted to the court in support of the allegations of the petition.

*G. M. Flanders*, for the petitioner.

SAWYER, J. This is a petition for a review, or new trial, under the provisions of § 2, chap. 192, Revised Statutes. By § 1 of that chapter a review is granted, as a matter of right, "in any civil action in the Court of Common Pleas in which an issue of fact has been joined and judgment rendered." Section 2, of the same chapter, provides that "the Superior (Supreme) Court may grant a review *in any other case,* when it shall appear that justice has not been done through any accident, mistake or misfortune, "and that a further hearing would be just and equitable."

The only question which arises in the case is as to the meaning of the words, "*in any other case,*" as used in § 2. A doubt has been suggested whether it is not to be understood that by

these words are intended, *in any other actions* than such as are specified in § 1 ; that is to say, in any other than those in which a review is secured to the party as a matter of right. Under our practice, judgments may be rendered upon the agreements of the parties or their attorneys in writing, filed in the case. Such agreements are to be considered as substantially the *cognovit actionem*, or confession of judgment, by warrant of attorney, in the English courts. Stephen on Pleading 108 ; Jacob's Law Dictionary, Judgment III. ; Comyn's Dig., Pleader, (Y. 2 ;) and if the agreement contain terms rendering it in effect conditional, the party against whom the judgment is rendered is to have the benefit of the condition for which he has stipulated, as in the case of confession of judgment by warrant of attorney in the English practice. Salk. 399 ; 7 Mod. 400. A stipulation inserted in the agreement for judgment that the action is " open to review," or that judgment be rendered " subject to review," or the like, has always been understood in our practice as securing the right to review the action within the time limited by statute for suing out the writ of review, as in other cases of right, whether an issue of fact has actually been joined in the action or not. This practice may perhaps be sustained, as conforming to the statute which grants a review as of right only in cases where an issue of fact has been joined, by regarding the agreement for the review as containing in itself an agreement that all has been done by the parties to the suit which the law requires to constitute it an action in which a review may be had of right, and estopping · either party to deny, for the purpose of defeating the review, that such issue had been joined. Assuming, then, that this action is one in which a review may be had under the provisions of § 1 as of right, the question is, whether the authority of this court to grant a review on the ground of injustice done through accident, mistake or misfortune, under the provisions of § 2, is limited to actions other than those in which a review is given as matter of right; or, whether the expression, " in any other case," used in that section, is to be understood as meaning, in any other case of injustice happening through accident, mistake

Coburn *v.* Rogers.

or misfortune than such as the party may have had opportunity to remedy by resorting to the right of review granted by § 1. The language used is certainly susceptible of the latter construction, if indeed this is not its most obvious and natural meaning; and it is a conclusive consideration in favor of this construction, that, upon any other, these provisions of the law are essentially defective, and fail, in the class of cases of which this is an instance, to effect the obvious intention of the legislature in their enactment, while upon this construction that intention is fully carried into effect.

That it was intended by these provisions to give to the party suffering injustice through accident, &c., in any judgment rendered, an opportunity by review to remedy the injustice in all cases, is quite apparent. In actions wherein an issue of fact has been joined, the remedy is provided by a review at any time within one year, as matter of right, and in all other cases by a review granted on application to this court. But in attempting to apply the remedy given by § 1, as a right, the party might fail, as in this case, by reason of precisely such accident, &c., as would entitle him to the remedy in the other mode in any other action than one in which such issue had been joined. To hold that the remedy in this other mode is to be thus limited, would be to hold that the party losing his review by accident, and to which he trusted for remedying injustice in the judgment, is to be left entirely remediless. Such an omission could not have been intended, for the case is as clearly within the mischief at which the statute is aimed, as if the judgment had been rendered upon default through mistake, without an issue of fact joined. To give to a statute of this remedial character a construction such as to exclude from its remedy a class of cases manifestly within the mischief it was intended to cure, would be in violation of one of the most approved rules for the construction of statutes. It is the business of judges so to construe remedial statutes as to suppress the mischief and advance the remedy.

*The review must be granted.*